**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| AYMIE LAYNE, on behalf of herself and others similarly situated, | Civil Action No.: 21-1277 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| RADIUS GLOBAL SOLUTIONS LLC and PENDRICK CAPITAL PARTNERS II LLC, | |
| Defendants. | |

## Nature of Action

1. Aymie Layne ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Florida consumers whose private, debt-related information Radius Global Solutions LLC ("Radius"), acting on behalf of Pendrick Capital Partners II LLC ("Pendrick") (together, "Defendants"), disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.     Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

---

[1]     *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited July 20, 2021).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendants, often send information regarding consumers' alleged debts to third-party mail vendors.

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n.749. (last accessed July 19, 2021).

allegedly owed, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10.     This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11.     Upon information and belief, Defendants routinely provide, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12.     Plaintiff therefore seeks relief for herself and on behalf of similarly situated Florida consumers whose private debt information Defendants disseminated.

**Parties**

13.     Plaintiff is a natural person who at all relevant times resided in Seminole County, Florida.

14.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, Pendrick.

15.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal medical bill (the "Debt").

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     Radius is a limited liability company with its principal offices in Edina, Minnesota.

18.     According to Radius's website, debt recovery is its "specialty."[3]

19.     Radius is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20.     Upon information and belief, at the time Radius attempted to collect the Debt from Plaintiff, the Debt was allegedly in default, or Radius treated the Debt as if it were in default from the time that Radius acquired it for collection.

21.     Radius uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22.     Radius is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

23.     Radius identified itself as a debt collector in its written communication to Plaintiff.

---

[3]     *See* https://www.radiusgs.com/industries/financial-services/ (last accessed July 19, 2021).

24. Pendrick is a limited liability company headquartered in Alexandria, Virginia.

25. Pendrick is an entity that acquires debts in default merely for collection purposes.

26. Pendrick acquires defaulted medical debts from creditors, which it then, either directly or through third parties, seeks to collect from consumers for its own profit.[4]

27. The principal purpose of Pendrick's business is debt collection, and it has no other substantial business purpose except to purchase debts and profit from collecting those debts.[5]

28. Upon information and belief, Pendrick acquired the Debt after it was alleged to be in default.

---

[4] https://www.pendrickcp.com/ (last visited July 19, 2021) ("We place our accounts through our extensive network of top-rated medical collection agencies. Using external agencies gives us the time to focus on you and your portfolio, while providing a comprehensive and compliant environment. Using our network we can manage any portfolio of any size by placing it with the right-sized agency or agencies with the appropriate knowledge and technology base.").

[5] https://www.pendrickcp.com/ (last visited July 19, 2021) ("Pendrick is a market leader in medical debt purchasing with a long and respectable reputation for treating both clients and consumers fairly and courteously."). Pendrick boasts having "purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies." *Id.*

29. Pendrick is an entity that, at all relevant times, was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Pendrick is an entity that, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff.

31. Pendrick is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. At all relevant times, Radius acted on behalf of Pendrick to collect or attempt to collect the Debt from Plaintiff.

**Jurisdiction and Venue**

33. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

34. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district, and as Defendants caused debt collection correspondence to be sent to Plaintiff in this district.

**Factual Allegations**

35. On or about April 14, 2021, Radius, on behalf of Pendrick, caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

36. A true and correct copy of the April 14, 2021 letter to Plaintiff is attached, in redacted form, as Exhibit A.

37. The April 14, 2021 letter disclosed the "balance due" on the Debt and that it was a medical debt. Ex. A.

38. The April 14, 2021 letter identified the creditor to whom Defendant alleged the Debt is and was owed. *Id*.

39. The April 14, 2021 letter identified additional information regarding the Debt, including an account number, the date the Debt was allegedly incurred, the name of the medical provider that was the original creditor, as well as Plaintiff's home address. *Id*.

40. At the time of the April 14 letter, there was no judgment against Plaintiff regarding the Debt.

41. Radius did not print the April 14 letter.

42. Radius did not mail the April 14 letter.

43. Instead, in connection with its collection of the Debt, Radius provided information regarding Plaintiff and the Debt to a third-party mail vendor—including Plaintiff's name and address, the amount of the Debt, the names of the current creditor and original creditor, and other private details regarding the Debt.

44. That third-party vendor then printed the April 14 letter that was sent to Plaintiff.

45.     The third-party vendor also mailed the April 14 letter to Plaintiff.

46.     A return address on the April 14 letter does not match any of Defendants' addresses.

47.     That return address on the April 14 letter includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party software company.

48.     RevSpring is owned by private equity firm GTCR LLC.

49.     Defendants do not maintain an office in Oaks, Pennsylvania.

50.     RevSpring, however, maintains facilities in Oaks, Pennsylvania at the same zip code as the P.O. Box in the April 14 letter's return address.[6]

51.     RevSpring markets itself as having "[s]tate-of-the-art print and mail services . . . ."[7]

52.     "RevSpring processes more than one billion communications annually."[8]

53.     RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management

---

[6]     https://revspringinc.com/about/ (last visited June 29, 2021).

[7]     https://revspringinc.com/healthcare/products/print-mail/production/   (last visited June 29, 2021).

[8]     *Id.*

companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[9]

54.     Radius communicated with RevSpring in connection with the collection of the Debt.

55.     Radius provided Plaintiff's name to RevSpring.

56.     Radius provided Plaintiff's home address to RevSpring.

57.     Radius provided the name of the original creditor of the Debt to RevSpring.

58.     Radius provided the name of the current creditor of the Debt to RevSpring.

59.     Radius provided the amount due on the Debt to RevSpring.

60.     Radius provided all of the information in the April 14, 2021 communication regarding Plaintiff and the Debt to RevSpring.

61.     Plaintiff did not consent to Radius or Pendrick communicating with RevSpring in connection with the collection of the Debt.

62.     Plaintiff did not consent to Radius or Pendrick communicating with any third-party vendor in connection with the collection of the Debt.

---

[9]     https://revspringinc.com/about/ (last visited June 29, 2021).

## Class Action Allegations

63. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class:

> All persons (a) with a Florida address (b) to which Radius Global Solutions LLC sent, or caused to be sent, a written debt collection communication, (c) on behalf of Pendrick Capital Partners II LLC (d) in connection with the collection of a consumer debt, (e) that was printed or mailed by a third-party vendor, (f) where Radius Global Solutions LLC provided the vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.

64. Excluded from the class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which either defendant has or had controlling interests.

65. The class satisfies Rule 23(a)(1) because, upon information and belief, the class is so numerous that joinder of all members is impracticable.

66. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

67. The class is ascertainable because it is defined by reference to objective criteria.

68. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendants.

69.     The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the class members.

70.     To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Radius—communicating in connection with the collection of consumer debts, including the sending of personal, private information regarding those debts, with a third-party vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

71.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

72.     Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

73.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

74.     Moreover, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the class members to individually redress the wrongs done to them.

75. There will be no unusual difficulty in the management of this action as a class action.

76. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

77. Among the issues of law and fact common to the class:

a. Defendants' violations of the FDCPA as alleged herein;

b. whether Defendants are debt collectors as defined by the FDCPA;

c. whether Radius's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

d. whether Pendrick is vicariously liable under the FDCPA for Radius's violations;

e. the availability of declaratory relief;

f. the availability of statutory penalties; and

g. the availability of attorneys' fees and costs.

78. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

79. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 78 above.

80. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

81. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's home address, and the alleged creditor, with a third party, Radius violated 15 U.S.C. § 1692c(b). *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

82. Further, Pendrick, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Radius—the debt collector it retained to collect the Debt on its behalf. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("there are cases supporting the notion that an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf"), *abrogated on other grounds*, *Tepper v. Amos Fin., LLC*, 898 F.3d 364 (3d Cir. 2018).

83. The harm Plaintiff suffered is particularized in that Defendants' communication to a third party involved her alleged debt and private, personal information.

84.    And the violation of Plaintiff's right not to have her private information shared with third parties is a concrete injury sufficient to confer standing.

85.    To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to a third-party vendor—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

86.    Additionally, by communicating with a third party in connection with the collection of the Debt, Defendants harmed Plaintiff by invading her privacy.

87.    That is, by communicating with a third party in connection with the collection of the Debt, Defendants harmed Plaintiff by disclosing private facts about her and the Debt.

88.    Moreover, Plaintiff suffered reputational harm by Defendants sharing her private, debt-related information with a third party, including by Defendants disclosing in the first instance that Plaintiff is an alleged debtor.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

   A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

   B. Adjudging and declaring that Defendants violated 15 U.S.C. § 1692c(b);

   C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendants from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

**Jury Demand**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: August 10, 2021

Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Lead Counsel
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway

Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed
class